**In re Robert G. KALTENBACH, Barbara A. Kaltenbach, Debtors.**

**Robert G. KALTENBACH, et al., Plaintiffs,**

**v.**

**PERCY WILSON MORTGAGE AND FINANCE CORPORATION, Defendant.**

**Adv. No. 1–82–0144.**

United States Bankruptcy Court, S.D. Ohio, W.D.

March 21, 1983.

John A. Rebel, Cincinnati, Ohio, for plaintiffs.

Thomas Waldron, Cincinnati, Ohio, trustee in bankruptcy.

Douglas S. Roberts, Cincinnati, Ohio, for defendant.

BURTON PERLMAN, Bankruptcy Judge.

Plaintiffs in this adversary proceeding are joint debtors in the above identified bankruptcy case. Defendant is a secured creditor of plaintiffs. In their complaint, plaintiffs seek a declaration that any security interest held by defendant is unenforceable by reason of a violation of the Ohio Retail Installment Sales Act, O.R.C. § 1317.01 et seq. Plaintiffs seek also damages.

A pretrial conference was held in the matter at which time the parties agreed to submit the case on the merits without trial. A time schedule was stated in the pretrial order issued following the conference. This set a date for the answer of plaintiffs' interrogatories by defendant, and a statement that the parties would work out a stipulation which would constitute the balance of the record. The orderly preparation of the case for submission was then interrupted, for defendant failed to complete discovery. This necessitated the filing of a motion to compel discovery by plaintiff regarding the interrogatories, as well as an additional motion regarding requests for admissions. There was no compliance with the requirements of this court on the part of defendant, and this culminated in punishment by this court for contempt of defendant's then counsel. That counsel was subsequently permitted to withdraw and he was replaced by defendant's present counsel.

Present counsel (who will hereafter simply be referred to as defendant's counsel) has asserted that the representation by former counsel of defendant was incompetent. That incompetence has led defendant now to make several motions the purpose of which are not simply to correct the pleadings, but also to correct matters of evidence, the stipulation of fact, answers to interrogatories, as well as response to Requests for Admissions. In addition plaintiffs have filed a motion for summary judgment. As filed, the motion is based upon certain discovery responses which defendant now seeks to modify or withdraw. In a second memorandum plaintiffs state that they are entitled to summary judgment even if the record is corrected in accordance with defendant's request. Therefore, in addition to dealing with the several motions of defendant, we here will deal as well with the motion for summary judgment of plaintiffs.

1. Defendant's Motions to Correct.

■ We deal first with the motion, pursuant to Rule 15 of the F.R.Civ.P., to amend defendant's Answer. Authorities are legion holding that in applying that rule (which is generally incorporated into bankruptcy practice by B.R. 715) liberality is the order

of the day. 3 *Moore's Federal Practice* 15–59; *Foman v. Davis* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222, 226 (1962). The language of Rule 15, that leave to amend be freely given, is, however, not without limit. The appropriate criteria may be deduced from the following language at 3 *Moore's Federal Practice* 15–61 and 15–62:

> Recognizing that the entire spirit of the rules is to the effect that controversies shall be decided on the merits, the courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed.

In the instant case, the reason stated for the amendment is the inadequacy of prior counsel, and we perceive no bad faith or conduct for the purpose of delay. One element which we deem critical, that the opposing party not be unduly prejudiced by the amendment, will not be offended if we permit the amendment here sought, for, though there may be inconvenience to plaintiff, plaintiff has failed to show any prejudice. Finally, the time frame within which the events in this case have occurred are not such that it can be said that trial has been unduly delayed. Accordingly, we will allow defendant to file an amended answer.

■ The motion of defendant to amend pretrial order of the court so far as its operative effect is concerned seems to be a desire by defendant to withdraw its agreement to submit the case for decision without a trial. Perceiving no prejudice to plaintiff by this revocation, we will permit it. We see no need, however, to amend the pretrial order of June 21, 1982 (Doc. # 7) which is entered in the case.

■ In dealing with the several motions which go to discovery and evidentiary matters, we will be guided by the considerations appropriate for F.R.Civ.P. 15, that a party be permitted to present its case correctly notwithstanding the inadequacy of former counsel, so long as the other party is not prejudiced by the corrective steps. Thus, defendant has moved to withdraw a stipulation of fact (Doc. # 20) which was agreed to by former counsel. We note upon our examination of that document that it deals with matters of law (e.g. admissibility) as well as matters of fact. In view of the above comments regarding former counsel, we will permit so much of the "stipulation of fact" as deals with legal matters to be withdrawn. Defendant has not, however, shown that as to matters of fact former counsel was not authorized by his client to stipulate, and we deem that it would be improper for us to grant the motion in this respect in the absence of an affirmative showing that former counsel had acted without authority.

■ As to defendant's motion to amend answers to requests to admit, this really is by way of seeking leave to permit a late filing of responses to such requests. For the reasons heretofore stated in respect to the companion motions, no prejudice to plaintiffs being apparent, we grant such leave.

Finally, in connection with its motion to amend its answer, defendant seeks leave to join Holiday Homes, Inc. as a third-party defendant, and such leave is granted.

2. Plaintiffs' Motion for Summary Judgment.

■ After careful consideration of what has been presented to us, we have concluded that we must deny plaintiffs' motion for summary judgment because we cannot, on this record, say that there is no genuine issue of material fact regarding the issue of whether defendant is a retail seller subject to the provisions of the Ohio Retail Installment Sales Act (RISA), Ohio Revised Code Section 1317.01 et seq. At the time that plaintiffs originally filed their motion for summary judgment this fact issue had been conceded by defendant, but we have now permitted defendant to correct the record with respect to that concession. Notwithstanding this change of position, plaintiffs in their second memorandum (Doc. # 39) assert that they are entitled to summary

judgment even when the record is changed as requested by defendant. The several sections of RISA relied upon by plaintiffs in their motion require that the transaction involve a retail seller and a retail installment contract. The statute defines "retail seller" at O.R.C. § 1317.01(I) as "a seller who is a party to a retail installment sale." "Retail installment contract" (O.R.C. § 1317.01(L)) refers to "any written instrument which is executed in connection with any retail installment sale...". Finally, "retail installment sale" (O.R.C. § 1317.-01(A)) is defined:

> (A) 'Retail installment sale' includes every retail installment contract to sell specific goods, every consumer transaction in which the cash price may be paid in installments over a period of time, and every retail sale of specific goods to any person in which the cash price may be paid in installments over a period of time.

This record indicates that there is an issue of fact as to whether defendant is a retail installment seller. There is also a question of fact as to whether any retail installment contract in the picture involved this defendant. There is undisputed documentary evidence showing that the mobile home, the item which is the subject of the sale here in question, was first sold by Holiday Homes, Inc. to McIntyre and Hasty. McIntyre and Hasty then sold the mobile home to plaintiffs. The role of defendant in connection with the original sale to McIntyre and Hasty was as a purchase money lender. When the mobile home was subsequently sold by McIntyre and Hasty to plaintiffs, defendant continued its role as lender and agreed to the assumption of the transaction by plaintiffs from McIntyre and Hasty. This transaction was the subject of an assumption contract dated July 9, 1978. The parties disagree as to whether the assumption contract was a retail installment contract within the meaning of O.R.C. § 1317.-01(L). Defendant contends that it is not, because nothing was sold by that document.

In opposition to these contentions, plaintiffs referred to Ex. T (Doc. # 41) which included three powers of attorney to Kathy J. Bernardini of defendant, plaintiffs asserting that in these powers of attorney "it

is stated that the Kaltenbach transaction is a Retail Installment Contract." We cannot accept this as resolving the issue of fact. All three powers of attorney are identical forms. The first is signed by McIntyre and Hasty who were retail buyers pursuant to a retail installment contract from Holiday Homes Inc. The reference intended, if any, by the stock language in these instruments is not clear, and simply does not satisfy us that they should definitely settle the question that defendant, with respect to plaintiffs, was a retail seller and entered into a retail installment contract with them.

A collateral contention of plaintiffs is that the assumption agreement is a retail installment contract because it was executed in connection with the original retail installment sale, that between McIntyre and Hasty and Holiday Homes, Inc. on April 1, 1977. We disagree. We think it clear that O.R.C. § 1317.01(L) refers to the contract between the parties to the retail installment sale, not to some other agreement which only tangentially affects that transaction.

Because there is a genuine issue of material fact regarding the applicability of RISA to this defendant, plaintiff's motion for summary judgment is denied.

SO ORDERED.